

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2003

# USA v. Blakely

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2783

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Blakely" (2003). *2003 Decisions.* Paper 357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2783

UNITED STATES OF AMERICA

v.

SHAUNTE BLAKELY,

Appellant

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY
(Dist. Court No. 01-CR-00518)
District Court Judge: Joel A. Pisano

Submitted Under Third Circuit LAR 34.1(a)
June 16, 2003

Before: ALITO, ROTH, HALL,[*] <u>Circuit Judges</u>

(Opinion Filed: July 18, 2003)

OPINION OF THE COURT

---

[*]Sitting by designation: Cynthia H. Hall, Circuit Judge, U.S.C.A., Ninth Circuit.

PER CURIAM:

In this direct criminal appeal, Shaunte Blakely, argues that he was deprived of the effective assistance of counsel in proceedings before the District Court. As a general course, we do not review such claims on direct appeal. United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998). On occasion, exception is made where "the record is sufficient to allow a determination of ineffective assistance of counsel." United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991).

In order to show ineffective assistance of counsel, a defendant must satisfy the two-part standard enunciated in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that, considering the facts of the case, his counsel's challenged actions were unreasonable, id. at 690, and, therefore, did not fall "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). We review a defendant's claim under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 688. Second, the defendant must show that he was prejudiced by counsel's conduct in that there is a "reasonable probability" that deficient assistance of counsel affected the outcome of the proceeding at issue. Id. at 694-95.

The record now before us is not sufficiently developed to review Blakely's ineffective assistance of counsel claim at this time. First, the record is inadequate for the purpose of determining whether counsel's actions were reasonable. Neither counsel nor the defendant have testified under oath concerning the reasons for the counsel's decision to forego an evidentiary hearing on the substance-identification issue. Second, the record is insufficient for the purpose of determining whether counsel's conduct prejudiced the outcome of the sentencing proceeding. Government witnesses, including a DEA chemist, were present at the defendant's sentencing hearing and were prepared to testify as to the nature of the substance at issue; however, as defense counsel revoked his client's objection to the substance-identification issue before these witnesses were presented, the record does not document the content of their intended testimony. Without a fully developed record as to the nature of the government witnesses' intended testimony and accompanying evidence, we cannot evaluate the defendant's claim that his counsel's conduct prejudiced the outcome of the District Court proceedings.

We affirm the District Court's judgment of sentence, without prejudice to the raising of this ineffectiveness claim in a motion pursuant to 28 U.S.C. §2255, as the record is insufficient to fit the claim within the narrow exception to the general rule of Haywood, 155 F.3d at 678, as enunciated in Headley, 923 F.2d at 1083, that a claim of ineffective assistance is properly raised in a collateral proceeding.